UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LADON S. CHURN,

        Plaintiff,

v.

        File No. 2:11-CV-166

UNKNOWN PARKKILA, et al.,

        HON. ROBERT HOLMES BELL

        Defendants.
                                   /

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On January 27, 2014, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment (Dkt. No. 138) be granted and that this case be dismissed in its entirety. (Dkt. No. 153, R&R.) Plaintiff Ladon S. Churn filed objections to the R&R and "Nunc Pro Tunc Objections" on February 3, 2014, and a supplement on February 10, 2014. (Dkt. Nos. 159, 160, 162.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

In this civil rights action Plaintiff alleges that Defendants, MDOC employees, threatened and instigated violent attacks by other prisoners against Plaintiff and selectively enforced MDOC rules against Plaintiff based on his race and in retaliation for exercise of his First Amendment rights. (Compl. ¶¶ 1-3.) The R&R recommends that Plaintiff's complaint be dismissed in its entirety because Plaintiff's claims that occurred prior to May 2, 2008 are barred by the statute of limitations; Plaintiff failed to properly exhaust his administrative remedies with respect to Defendants Rutter, Mayotte and Viitala; and Plaintiff's claim against Defendant Parkkila for verbal harassment does not support an Eighth Amendment violation. Plaintiff objects to all of these recommendations.

Plaintiff contends that his claims that pre-date May 2, 2008, are not barred by the statute of limitations either because they are continuing violations, the statute of limitations was tolled under Mich. Comp. Laws. § 600.5855 as a result of Defendants' fraudulent concealment of Plaintiff's claim, and Defendants conspired to withhold the evidence from Plaintiff.

Plaintiff's arguments lack merit. As noted in the R&R, the applicable limitations period for a § 1983 action is the three year limitations period for personal injury actions under Mich. Comp. Laws § 600.5805(8). The Michigan Supreme Court has rejected the continuing violations doctrine and has held that a person must file a claim under § 5805 within three years of the date his cause of action accrues. *Garg v. Macomb Cnty. Cmty. Mental Health Servs.*, 696 N.W.2d 646, 659 (Mich. 2005); *see also Terlecki v. Stewart*, 754

2

N.W.2d 899, 907 (Mich. Ct. App. 2008) (noting that *Garg* opined that the continuing violations doctrine is contrary to the language of § 5805 and has no continued place in the jurisprudence of this state). Neither has Plaintiff demonstrated that he is entitled to tolling under the fraudulent-concealment exception to the statute of limitations. Fraudulent concealment requires "concealment by the defendant of the existence of a claim or the identity of a potential defendant." *Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*, 692 N.W.2d 398, 405 (Mich. Ct. App. 2004) (quoting *McCluskey v. Womack*, 470 N.W.2d 443, 446 (Mich. Ct. App. 1991)). "The plaintiff must prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery. Mere silence is insufficient." *Sills v. Oakland Gen. Hosp.*, 559 N.W.2d 348, 352 (Mich. Ct. App. 1996). Plaintiff has not alleged that Defendants engaged in affirmative acts or misrepresentations designed to conceal his potential cause of action. Plaintiff complained in grievances filed as early as November 2009, of manipulative transfers designed to cause Security Threat Group ("STG") members to fight. (*See* R&R at 10.) Plaintiff has alleged no more than that Defendants were silent about the details of the evidence by which to establish his cause of action, and that is not sufficient to trigger the fraudulent concealment rule. *Doe*, 692 N.W.2d at 407. Finally, Plaintiff's allegation that Defendants engaged in a conspiracy is superfluous to the statute of limitations issue because "it is the wrongful act, not the agreement to commit a wrongful act, that commences the running of the limitations period." *Terlecki v. Stewart*, 754 N.W.2d 899, 906 (Mich. Ct. App. 2008).

Plaintiff has raised various arguments in support of his contention that his grievances

were not properly rejected, but he has not challenged the Magistrate Judge's determination that he failed to identify Defendants Rutter, Mayotte and Viitala in any timely-filed grievance. Because Plaintiff has not shown that he properly exhausted administrative remedies against these Defendants, their motion for summary judgment is properly granted.

Finally, this Court agrees with the R&R that Parkkila is entitled to dismissal because Plaintiff's claims of verbal harassment fail to support an Eight Amendment violation.

In addition to his objections to the R&R, Plaintiff has also filed a document entitled "Nunc Pro Tunc Objections." (Dkt. No. 160). Through this document Plaintiff requests this Court to overrule virtually all of the Magistrate Judge's non-dispositive orders in this case, including orders concerning discovery, requests for counsel, and requests for subpoenas which Plaintiff contends will prejudice his case. (*See*, *e.g.*, Dkt. Nos. 11, 46, 86, 97, 98 110, 132.)

Plaintiff's objections to these non-dispositive orders are untimely. A party may file objections to a magistrate judge's non-dispositive order within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). Because Plaintiff is objecting to orders dated between December 29, 2011, and November 6, 2013, Plaintiff's objections are not timely. In addition, even if Plaintiff's objections were timely, they lack merit. This Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivR 72.3(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a

non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review.") Findings of fact are reviewed under the "clearly erroneous" standard, and legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). Plaintiff has not shown that the Magistrate Judge's order are clearly erroneous or contrary to law. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 159) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's nunc pro tunc objections (Dkt. No. 160) are **DENIED**.

**IT IS FURTHER ORDERED** that the January 27, 2014, R&R of the Magistrate Judge (Dkt. No. 153) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 138) is **GRANTED** and this case is **DISMISSED** in its entirety.

**IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be in good faith.


Dated: February 24, 2014              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE

5